IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANTAGECARE REHABILITATION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WILEY MISSION and SYMBRIA REHAB, INC., <br><br> Defendants. | 2:24-cv-229 |

## MEMORANDUM ORDER

Defendants removed this case from state court, citing diversity jurisdiction as the basis for removal. Plaintiff AdvantageCare Rehabilitation, LLC now moves to remand, invoking what it asserts is a removal-waiver clause in a contract, and arguing that that provision requires remand. On careful review, the Court finds that the contractual provision at issue doesn't waive the right to remove and so denies the motion.

## BACKGROUND

On January 25, 2024, Plaintiff AdvantageCare Rehabilitation, LLC filed a lawsuit in the Allegheny County Court of Common Pleas against Defendants Wiley Mission and Symbria Rehab, Inc., asserting claims of breach of contract and tortious interference with contract. ECF 1-1. On February 23, 2024, Wiley removed the case to this Court on the basis of diversity jurisdiction. ECF 1. On March 19, 2024, Symbria filed a notice of consent, consenting to the removal. ECF 17. On March 11, 2024, AdvantageCare filed a motion to remand the case to the Allegheny County Court of Common Pleas. ECF 10; ECF 11. In its motion to remand, AdvantageCare

cites to an agreement between it and Wiley that contains a forum selection clause. ECF 11. That agreement is attached to AdvantageCare's complaint. ECF 1-1, Ex. A.

The relevant section of the agreement states:

> **11.4 Governing Law and Consent to Jurisdiction.** This Agreement is made and entered into in the Commonwealth of Pennsylvania. The validity, construction, interpretation, effect and enforceability of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania. The parties agree that any litigation arising out of this Agreement may only be brought in the Court of Common Pleas within Allegheny County, Pennsylvania or the United States District Court for the Western District of Pennsylvania to resolve all disputes, controversies, disagreements, suits, or proceedings between the parties arising from or related to this Agreement. **Each party agrees not to assert any claim that such actions instituted in the courts of the Commonwealth of Pennsylvania are brought in an inconvenient forum or that venue is improper.** THE PARTIES TO THIS AGREEMENT HEREBY WAIVE ANY RIGHT TO A JURY TRIAL OF ANY AND ALL DISPUTES UNDER AND/OR RELATED TO THIS AGREEMENT.

*Id.* at § 11.4 (bolded emphasis added).

Based on the bolded language above, AdvantageCare argues that Wiley waived its right to remove the case to federal court because the parties agreed "not to assert any claim that such actions instituted in the courts of the Commonwealth of Pennsylvania are brought in an inconvenient forum or that venue is improper." ECF 11, p. 3 (quoting ECF 1-1, Ex. A § 11.4). In response, Wiley and Symbria contend that this language doesn't go far enough to waive the right to remove.[1] ECF 19, p. 5; ECF 21, p. 4.

---

[1] The parties do not address the fact that Symbria is not a party to the contract, and it seems to the Court that Symbria therefore could have removed this case on its own (with AdvantageCare filing a tag-along consent), and then not be subject to any limitations in the AdvantageCare/Wiley contract. *See In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 59 (3d Cir. 2018) (holding that non-signatories may only be bound by a forum selection clause if: (1) they are intended third-party beneficiaries of the contract or closely related parties; (2) enforcement against the non-signatory

## DISCUSSION & ANALYSIS

There are a number of cases concerning whether language in a forum selection or similar contractual clause can waive the right to remove, and those cases are, for lack of a better term, "all over the place." As the late Judge Lancaster observed, there seems to be "no pattern" in "district court decisions interpreting and enforcing [forum selection clauses in the context of waiver of the right to remove]." *Craker v. State Farm Mut. Auto. Ins. Co.*, No. 11-0225, 2011 WL 1671634, at *3 (W.D. Pa. May 3, 2011) (Lancaster, C.J.) (collecting cases).

After careful review of the cases, the Court does not find them to be particularly helpful or persuasive in providing any guidance. The best guidance is the language of the contract. So the Court will simply interpret the plain language of the contract here, using normal tools of construction, as the Third Circuit has instructed. *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991) ("A court simply should determine contractual waiver of the right to remove using the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.").

Reviewing the plain language of Section 11.4, the provision is broken up into essentially four "sections" that go to four different concepts. The first section concerns choice of law, and makes clear that Pennsylvania law applies.

> This Agreement is made and entered into in the Commonwealth of Pennsylvania.[2]  The validity, construction, interpretation, effect and

---

was foreseeable to the non-signatory; and (3) the dispute itself falls within the scope of the forum selection clause).

[2] The location where the contract is made is, of course, relevant to choice of law. *See Judge v. McCay*, 500 F. Supp. 2d 521, 524 (E.D. Pa. 2007) (reiterating that federal courts apply the choice-of-law rules "of the state where [they] sit" and Pennsylvania's choice-of-law rules consider, among other things, where the contract was formed) (citing *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 467 (3d Cir. 2006)).

enforceability of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

The second section is the forum-selection clause. It requires all disputes to be brought in two specific courts in this geographic area, including this one:

> The parties agree that any litigation arising out of this Agreement may only be brought in the Court of Common Pleas within Allegheny County, Pennsylvania or the United States District Court for the Western District of Pennsylvania to resolve all disputes, controversies, disagreements, suits, or proceedings between the parties arising from or related to this Agreement.

ECF 1-1, Ex. A § 11.4.

The third section is what might be referred to as a "venue waiver" section, which prevents the parties from asserting forum *non conveniens* or improper venue:

> Each party agrees not to assert any claim that such actions instituted in the courts of the Commonwealth of Pennsylvania are brought in an inconvenient forum or that venue is improper.

*Id.*

Then, the fourth section, is the jury-waiver provision:

> THE PARTIES TO THIS AGREEMENT HEREBY WAIVE ANY RIGHT TO A JURY TRIAL OF ANY AND ALL DISPUTES UNDER AND/OR RELATED TO THIS AGREEMENT.

*Id.*

AdvantageCare here cites to the venue-waiver section to argue that that provision waives Wiley's right to remove. But that is not what the plain language says. The venue-waiver section is very specific—it prevents a party from claiming that venue is improper (a Section 1406-type challenge),[3] or that venue is inconvenient

---

[3] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). There is a similar provision that applies to cases in Pennsylvania state

(a Section 1404-type challenge).[4] It says nothing about removal. Given the specificity of the venue-waiver language, there must be clearer language to suggest that the parties intended to waive the right to removal. *See PJM Power Providers Grp. v. FERC*, 96 F.4th 390, 400, n.6 (3d Cir. 2024) (the "canon of construction known as expressio unius est exclusio alterius, which means 'the expression of one thing is the exclusion of the other'" "is evidence of [the parties'] intent to exclude all other circumstances not enumerated." (cleaned up)); *see, e.g., Cowatch v. Sym-Tech Inc.*, 253 F. App'x 231, 233-34 (3d Cir. 2007) (holding that language that waived "any rights regarding diversity of jurisdiction pertaining to this matter" was a waiver of removal rights).

Facing similar language to the venue-waiver section in Section 11.4, some courts have wondered why one needs a venue-waiver provision when there is already a forum selection clause. After all, doesn't the forum-selection clause already prevent a party from raising challenges to venue? Based on this, these courts have concluded that the venue-waiver provision must be a waiver of the right to remove to give that language any meaning. *See, e.g., Presidio, Inc. v. Closson*, No. 22-494, 2022 WL 17846561, at *2 (D. Del. Dec. 22, 2022), *dismissed*, No. 23-1021, 2023 WL 9107301 (3d Cir. Aug. 30, 2023).[5]

---

court. *See* Pa. R. Civ. P. 1006(e) ("Improper venue shall be raised by preliminary objection and if not so raised shall be waived.").

[4] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). There is a similar provision that applies to cases in Pennsylvania state court. *See* Pa. R. Civ. P. 1006(d)(1) ("For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.").

[5] In *Presidio*, the waiver provision was a little broader—it provided: "EACH OF THE PARTIES HERETO HEREBY EXPRESSLY WAIVES ANY AND ALL OBJECTIONS

But the venue-waiver section here already has meaning, and it works in tandem with the forum-selection language. That is, both the venue-waiver language and the forum-selection language are needed because even where there is a valid forum-selection clause, a litigant can seek dismissal on the basis of improper venue, or inconvenient forum. *See, e.g.*, *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) (holding that a case may be dismissed or transferred under Section 1406(a) even if there is a forum-selection clause because "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)"); *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) ("[A] forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a)."). The venue-waiver provision in the contract here precludes a party from making those attacks. It provides belt and suspenders for the forum-selection clause.[6]

---

IT MAY HAVE TO VENUE, INCLUDING, WITHOUT LIMITATION, THE INCONVENIENCE OF SUCH FORUM, IN ANY OF SUCH COURTS." *Id.* at *1 (all caps in the original). But the court there found that the Defendants hadn't really explained the meaning of this provision and how it was triggered when there was already a forum-selection clause. *Id.* at *2 ("Defendants' reading of the forum selection clause would render nugatory the waiver-of-objections-to-venue clause. Tellingly, Defendants make no attempt in their briefing to explain what the parties intended by the words 'each of the parties hereto hereby expressly waives any and all objections it may have to venue . . . in any of such courts.'").

[6] The venue-waiver provision may also apply to other less common scenarios. For example, what if AdvantageCare had filed suit in state or federal court in Philadelphia in contravention of the forum-selection clause? Wiley (a New Jersey company) probably wouldn't seek to enforce the forum-selection clause and file a Section 1404 or Section 1406 motion to transfer venue to Pittsburgh. But it might try to transfer venue to New Jersey. The plain language of the venue-waiver section would prevent that.

In sum, the different parts of Section 11.4 in the contract provide different procedural purposes as to how and where the parties would litigate any disputes. The venue-waiver part of the provision has a distinct purpose, which is to prevent the parties from raising Section 1404 or 1406 challenges. Nothing in that language reflects an intent by the parties to prevent removal of an action to this Court.

* * *

Therefore, after careful consideration, it is hereby **ORDERED** that Plaintiff AdvantageCare Rehabilitation, LLC's Motion to Remand (ECF 10) is **DENIED**.

Date: June 17, 2024                                              BY THE COURT:

/s/ J. Nicholas Ranjan<br>United States District Judge