IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANTAGECARE REHABILITATION, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 2:24-cv-229 ) |
| WILEY MISSION and SYMBRIA REHAB, INC., | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM ORDER

AdvantageCare entered into a contract with Wiley for AdvantageCare to provide therapy staff and services. ECF 1-1, ¶¶ 6-8. The contract included a non-solicitation provision prohibiting Wiley from hiring any of AdvantageCare's former employees for one year following termination of the contract. *Id.* at ¶ 12. Pursuant to the termination provision in the contract, Wiley terminated the contract with AdvantageCare and began contracting with Symbria to provide therapy services to Wiley. *Id.* at ¶¶ 15-16. AdvantageCare alleged that Symbria hired former AdvantageCare employees and sent them to work at Wiley's facility in violation of the non-solicitation provision. *Id.* at ¶¶ 17-18. As a result of this conduct, AdvantageCare brought suit against Wiley and Symbria, asserting a claim of breach of contract against Wiley and a claim of tortious interference with contractual and business relations against Symbria. *See id.* Symbra filed counterclaims against AdvantageCare for (1) declaratory judgment; (2) tortious interference with business and contractual relations; and (3) unfair competition. ECF 25, pp. 11-14. Symbria's counterclaims also include a request for attorneys' fees and punitive damages in its prayer for relief. *Id.* at 14.

AdvantageCare now moves to dismiss Symbria's counterclaims under Rules 12(b)(1) and 12(b)(6), arguing that Symbria lacks standing to bring its declaratory-judgment claim and fails to state a claim for declaratory judgment, tortious interference, and unfair competition. ECF 30, p. 2. AdvantageCare also moves to dismiss or strike Symbria's claims for attorneys' fees and punitive damages under Rules 12(b)(6) and 12(f) because Symbria's claims do not support the imposition of those types of damages. *Id.*

After careful review, the Court grants AdvantageCare's motion, as follows.

***First***, Symbria's declaratory-judgment claim is dismissed with prejudice because Symbria is not a party to the agreement and thus lacks standing to seek a declaration as to its enforceability. *The Hilb Grp. of Maryland, LLC v. Smith*, No. 23-01978, 2024 WL 4173803, at \*3 (M.D. Pa. Sept. 12, 2024) (finding party did not have standing to seek a declaratory judgment because it was not a party to the agreement); *Molinari v. Consol Energy Inc.*, No. 12-1085, 2012 WL 5932979, at \*8 (W.D. Pa. Nov. 27, 2012) (Schwab, J.) (courts have "found that a non-party to a restrictive employment covenant does not have standing to bring a declaratory judgment action." (collecting cases)).[1]

***Second***, Symbria's tortious-interference claim is dismissed without prejudice. The Court finds that Symbria's allegations of interference include only judicially privileged information, such as pre-suit threats of litigation and then the litigation

---

[1] Symbria seeks a declaration that the non-solicitation provision in the AdvantageCare-Wiley contract is unenforceable. While Symbria lacks standing to seek a standalone declaration as to this provision, it is free to argue, as a defense to the claim against it, that that provision is invalid or unenforceable. This would certainly be a viable defense to AdvantageCare's tortious-interference claim against Symbria because the existence of an enforceable contract is an element of a tortious-interference claim. *See, e.g., Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 212 (3d Cir. 2009) (listing elements of tortious-interference claim under Pennsylvania law).

itself. ECF 25, p. 10, ¶ 11 ("AdvantageCare first threatened Symbria with litigation and then filed the above-captioned lawsuit against Symbria claiming that Symbria tortiously interfered with its contractual and business relations by hiring the Employees."). Judicial privilege is a complete bar to Symbria's claim, as pled. *Orbital Eng'g, Inc. v. Buchko*, No. 20-593, 2021 WL 5280927, at *8-10 (W.D. Pa. Nov. 12, 2021) (Dodge, M.J.); *Dempsey v. Bucknell Univ.*, 76 F. Supp. 3d 565, 580-82 (M.D. Pa. 2015), *amended in part*, No. 11-1679, 2015 WL 999101 (M.D. Pa. Mar. 6, 2015), *and aff'd*, 834 F.3d 457 (3d Cir. 2016).[2]

*Third*, Symbria's unfair-competition claim too is dismissed without prejudice. This claim is derivative of the tortious-interference claim and it would survive if the tortious-interference claim were properly pled.

*Fourth*, Symbria's claims for attorneys' fees and punitive damages are dismissed with prejudice. Symbria did not respond to AdvantageCare's arguments on this issue, and thus has waived any opposition to them. *China Max, Inc. v. S. Hills CN LLC*, No. 14-211, 2015 WL 3407869, at *4 (W.D. Pa. May 27, 2015) (Bissoon, J.) (dismissing prayer for relief for attorneys' fees and punitive damages when movant's arguments were unopposed). And even if Symbria had opposed AdvantageCare's arguments, attorneys' fees and punitive damages are not available under Pennsylvania law for the claims asserted here. *See Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482-83 (Pa. 2009) (attorneys' fees); *SHV Coal, Inc. v. Cont'l Grain Co.*, 587 A.2d 702, 704 (Pa. 1991) (punitive damages); *Jones v. Silver Creek Transp., LLC*, 701 F. Supp. 3d 284, 289 (W.D. Pa. 2023) (Horan, J.) (punitive damages).

---

[2] The other problem with this claim is that Symbria hasn't pled damages or harm flowing from the interference—however, that is somewhat tied to Symbria asserting a non-privileged act of interference that would then tie to specific damages or harm that it suffered. If Symbria amends, it needs to plead these allegations with more specificity.

- 4 -

\* \* \*

Therefore, after careful consideration, it is hereby **ORDERED** that Plaintiff AdvantageCare Rehabilitation, LLC's Motion to Dismiss (ECF 30) is **GRANTED**. Counterclaim I and the request for attorneys' fees and punitive damages are dismissed with prejudice. Counterclaims II and III are dismissed without prejudice and with leave to amend. Any amended counterclaims must be filed by January 10, 2025.

Date: December 18, 2024
BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge